IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NALU KAI INCORPORATED d/b/a NAISH SAILS HAWAII,<br><br>Plaintiff / Counter-Defendant,<br>v.<br><br>HAWAII AIRBOARDS, LLC,<br><br>Defendant / Counter-Claimant. | Civil No. 1:14-cv-112-LEK-RLP<br><br>COUNTER-CLAIMANT HAWAII AIRBOARDS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE CERTAIN OF COUNTER-DEFENDANT'S AFFIRMATIVE DEFENSES PURSUANT TO FED.R.CIV.P. 12(f) |

COUNTER-CLAIMANT HAWAII AIRBOARDS, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO STRIKE CERTAIN OF COUNTER-DEFENDANT'S
AFFIRMATIVE DEFENSES PURSUANT TO FED.R.CIV.P. 12(f)

Defendant and Counter-Claimant HAWAII AIRBOARDS, LLC, ("HAB") by and through its attorneys, submits this memorandum of law in support of its Motion to Strike Certain of Counter-Defendant's Affirmative Defenses Pursuant to Fed.R.Civ.P. 12(f), filed simultaneously herewith.

I.   INTRODUCTION

Plaintiff and Counter-Defendant NALU KAI INCORPORATED'S ("Nalu Kai") first, seventh, eighth, tenth, twelfth, fifteenth, sixteenth, seventeenth, nineteenth and twentieth affirmative defenses are either insufficiently pled or legally insufficient and should be stricken.

40126/8/82373

## II. LEGAL STANDARD[1]

Under Federal Rule of Civil Procedure 12(f) a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). The goal of a motion to strike is to avoid the expense of "litigating spurious issues" by dispensing with them before trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994) (same). When ruling on a motion to strike, the court must view the pleading in question in the light most favorable to the non-moving party. *In re Facebook PPC Adver. Litig.*, 709 F. Supp. 2d 762, 772 (N.D. Cal. 2010).

A defense may be insufficient as a matter of pleading or as a matter of law. *Joe Hand Promotions, Inc. v. Estrada*, 2011 U.S. Dist. LEXIS 61010, 2011 WL 2413257, at *1 (E.D. Cal. June 8, 2011). When a defense cannot succeed under any set of circumstances, it is insufficient as a matter of law. *Jane Doe ex rel. J.M. v. Phoenix-Talent School Dist. No. 4*, 2011 U.S. Dist. LEXIS 16894, 2011 WL 704877, at *1 (D. Or. Feb. 18, 2011), see also *McArdle v. AT & T Mobility, LLC*,

---

[1] HAB is cognizant of this Court's previous ruling in *Kamakeeaina v. City & County of Honolulu*, clarifying that it declines to apply a heightened pleading standard to answers and (affirmative) defenses. *Kamakeeaina*, 2013 U.S. Dist. LEXIS 30755, *2-3 (D. Haw. Feb. 15, 2013). HAB's Motion does not rely on an application of a heightened pleading standard to Nalu Kai's affirmative defenses.

657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009) (An affirmative defense is legally insufficient if it clearly lacks merit "under any set of facts the defendant might allege."). When an affirmative defense fails to give a plaintiff fair notice of the defense, it is insufficiently pled. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

### III. ARGUMENT

**A. Nalu Kai's "Lack of Subject Matter Jurisdiction" defense is legally insufficient.**

Nalu Kai's first affirmative defense alleging that this Court lacks subject matter jurisdiction over HAB's counterclaim for Breach of License Agreement has neither factual nor legal support. HAB specifically alleges that this Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367(a), which provides for supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

Nalu Kai's contention that a breach of the License Agreement with HAB is unrelated to Nalu Kai's original declaratory judgment action is disingenuous. The record (Nalu Kai's pleadings and exhibits) of this case should leave no doubt that the very reason Nalu Kai initiated litigation against HAB was Nalu Kai's unwillingness to resume its royalty payments under the License Agreement. Nalu Kai's claims of invalidity, unenforceability and non-infringement with regard to

the '016 Patent are merely an attempt to avoid its contractual obligations to HAB. Without question, the Parties' License Agreement and Nalu Kai's breach thereof are part of the same controversy.

Nalu Kai's additional "defense" that this Court also lacks subject matter jurisdiction over HAB's counterclaim for infringement is equally without merit. Nalu Kai argues that jurisdiction is lacking for HAB's Second Cause of Action simply because HAB has pled its infringement claim in the alternative to its breach of contract claim. To be sure, not only is HAB's infringement claim part of the same controversy in view of Nalu Kai's original non-infringement claim, but HAB's "alternative" pleading was explicitly conditioned on "the event the License Agreement is deemed to have been repudiated and/or terminated by Nalu Kai." *See* HAB's Counterclaim, Doc. No. 10-1 at ¶ 31. HAB fails to see, and Nalu Kai has not plead, any sound argument why pleading in the alternative would result in a lack of subject matter jurisdiction over HAB's infringement claim.

In addition, Nalu Kai outright admitted that this Court has subject matter jurisdiction over HAB's Second Cause of Action and that it arises under the patent laws of the United States, 28 U.S.C. § 1 et seq. and 28 U.S.C. §1331. *See* Nalu Kai's Answer, Doc. No. 22 at ¶¶ 3 and 4.

Finally, Nalu Kai also contends that HAB lacks standing to sue under the '016 Patent. Nalu Kai has not and cannot plead any facts in support of its position. HAB's counterclaims state that it is the assignee of all rights and interest in the

'016 Patent, including the right to sue and recover for past infringement. In addition, the record reflects that Nalu Kai concluded, as part of its pre-filing due diligence, that HAB is the owner and licensor of the '016 Patent, and is therefore the correct party against which to bring the original action. Clearly, there is no plausible set of facts that Nalu Kai may allege in support of its no-standing defense.

Nalu Kai's first affirmative defense is legally insufficient and should be stricken with prejudice because it lacks merit under any set of allegeable facts.

**B.     Nalu Kai's "Laches, Estoppel, Waiver, Unclean Hands" defense is insufficient.**

Nalu Kai's seventh affirmative defense is a single-sentence conclusory allegation that HAB "is barred or limited from recovery in whole or in part by the doctrines of laches, estoppel, waiver, or unclean hands." Nalu Kai fails to provide HAB with fair notice as to the factual basis for these allegations. In particular, the record before this Court makes clear that Nalu Kai did not and cannot allege any facts that would reasonably support a defense of laches, estoppel, and/or waiver with regard to HAB's counterclaims, especially considering that the current claims of the '016 Patent issued only six months ago. The defense should be stricken.

**C.     Nalu Kai's "35 U.S.C. §286" defense is legally insufficient.**

Nalu Kai's eighth affirmative defense is without any merit and should be stricken. 35 U.S.C. §286 provides that "no recovery shall be had for any

infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." The record makes clear that HAB's claims for infringement are based on the amended claims of the '016 Patent, which issued with the reexamination certificate on November 15, 2013, merely six months ago. HAB does not seek damages for infringement prior to November 15, 2013 and has unambiguously stated so in paragraph 31 of its Counterclaims. Because Nalu Kai's eighth affirmative defense lacks merit under any set of facts Nalu Kai may allege, it is legally insufficient and should be stricken.

**D.  Nalu Kai's "Failure of Consideration" defense is legally insufficient.**

Nalu Kai's tenth affirmative defense is without any merit and should be stricken. Nalu Kai cannot and does not dispute that it entered into a License Agreement with HAB over the '016 Patent (including any reexaminations thereof). As previously alleged by HAB in paragraph 10 of its Counterclaims, the License Agreement between the parties provides in Section 3.2 (emphasis added):

> "**In consideration for the licenses, covenants not to sue, and other rights granted by Licensor to Licensee** under this Agreement relative to subject matter hereof, including, without limitation, the **Right to Sell the Licensed Product**, from and after the Effective Date, Licensee agrees to pay Licensor […] of the Gross revenues but not less than […] for each Licensed Product Sold by Licensee or its Affiliates from and after the Effective Date in the United States and its territories and possessions […] in which pertinent Licensed Patents are in effect during the term of this Agreement, which is to say no payment is due after expiration of the Licensed Patents."

In addition, the Agreement states in Section 5.1 (emphasis added):

"The Agreement (including all grants, obligations and provisions herein) shall become effective as of the Effective Date and shall continue in full force and effect **until the expiration date** of the Inflatable AirBoard Patent Number 6,066,016 **or until a final decree of invalidity** thereof from which no appeal or other judicial recourse can be, or is, taken of such patent."

Once again, the record is clear and Nalu Kai cannot plausibly allege that HAB failed to perform its side of the bargain. Yet, Nalu Kai admits in its Answer (at paragraph 14) that it submitted its last royalty payment on April 26, 2013 and subsequently <u>failed</u> to perform under the contract, despite the fact that the '016 Patent has not expired. In addition, there has been no final decree of invalidity with respect to the claims of the '016 Patent. At the time Nalu Kai ceased its royalty payments, the original claims were still in force. On November 15, 2013, the original claims were replaced with the amended claims of the unexpired '016 Patent.

Because Nalu Kai's tenth affirmative defense lacks merit under any set of facts Nalu Kai may allege, it is legally insufficient and should be stricken.

E.   **Nalu Kai's "Breach of Warranty" defense is legally insufficient.**

Nalu Kai's twelfth affirmative defense is equally without merit and should be stricken. Similar to the arguments set forth above with regard to the insufficiency of Nalu Kai's tenth affirmative defense, the record is devoid of any facts that support an allegation that HAB did not perform under or somehow breached the License Agreement executed by Nalu Kai. In addition, Nalu Kai

alleges here that "the subject matter of the agreement was a patent that was or became invalid and unenforceable." This allegation is factually and legally wrong.

As shown above, the subject matter of the License Agreement was the grant of a license for the '016 Patent (and any reexamination thereof) in exchange for royalty payments until either the patent's expiration or a "final decree of invalidity." To date, neither of these events has occurred. This affirmative defense is legally insufficient and should be stricken.

**F.    Nalu Kai's "Waiver" and "Release" defenses are insufficiently pled.**

Nalu Kai's fifteenth and sixteenth affirmative defenses, each a single-sentence conclusory allegation that HAB's acts and omissions constituted a waiver/release is insufficiently pled and should be stricken. Nalu Kai fails to inform HAB which alleged "acts and omissions" may be the basis for these defenses and it fails to inform HAB what it is that Nalu Kai believes HAB waived and released by the alleged "acts and omissions." Nalu Kai's wholly conclusory assertions are inappropriate because they do not elaborate on the defenses and fail to give HAB fair notice of the bases for these defenses and as such they serve no purpose to the pleadings. *See Kamakeeaina*, 2013 U.S. Dist. LEXIS 30755, *7.

**G.    Nalu Kai's "Failure to Mitigate" defense is legally insufficient.**

Nalu Kai's seventeenth affirmative defenses, a single-sentence conclusory allegation that HAB "failed to mitigate its damages," is legally insufficient and should be stricken. Nalu Kai fails to set forth how HAB failed to mitigate its

damages, even *assuming arguendo* that would be possible. HAB is seeking damages for breach of contract and, in the alternative, infringement of the '016 Patent, due to Nalu Kai's failure to make royalty payments under the License Agreement. HAB was and is not in a position to mitigate its damages. This defense should be stricken.

**H.  Nalu Kai's "Set Off" defense is insufficiently pled.**

Nalu Kai's nineteenth affirmative defenses, a conclusory allegation that Nalu Kai has been damaged by HAB's acts and omissions and is therefore entitled to a set-off against any damages claimed by HAB is insufficiently pled and should be stricken. Nalu Kai fails to inform HAB which alleged "acts and omissions" may be the basis for this defense and how it has been damaged by any alleged "acts and omissions." Nalu Kai's wholly conclusory assertion is inappropriate because it does not elaborate on the defense and fails to give HAB fair notice of the basis for this defense and as such it serves no purpose to the pleadings. *See Kamakeeaina*, 2013 U.S. Dist. LEXIS 30755, *7.

**I.  Nalu Kai's "Statute of Limitations" defense is factually and legally insufficient.**

Nalu Kai's twentieth affirmative defense, a conclusory allegation that "some or all of the Causes of Action alleged in the Counterclaim may be barred by applicable statutes of limitations" is insufficiently pled and should be stricken. Nalu Kai does not elaborate further by citing any applicable statute on which it

relies, or even by comparing the dates the events at issue are alleged to have occurred and the date that the Counterclaims were filed. *See Kamakeeaina*, 2013 U.S. Dist. LEXIS 30755, *11.

Furthermore, HAB notes that it filed its Counterclaims on March 31, 2014, less than six months after issuance of the amended claims of the '016 Patent and less than one year after Nalu Kai submitted its last royalty payment pursuant to the License Agreement. There does not appear to be any set of facts that Nalu Kai may allege under which this defense can succeed and, therefore, it is legally insufficient and should be stricken.

## IV.    CONCLUSION

For the reasons set forth above, Nalu Kai's first, seventh, eighth, tenth, twelfth, fifteenth, sixteenth, seventeenth, nineteenth and twentieth affirmative defenses are either insufficiently pled or legally insufficient. Accordingly, these defenses should be stricken.

DATED: Chicago, Illinois, May 13, 2014.

*/s/ Martin Goering*
Martin Goering
(admitted *pro hac vice*)

Attorney for Defendant / Counter-Claimant
HAWAII AIRBOARDS, LLC