IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NALU KAI INCORPORATION d/b/a NAISH SAILS HAWAII, | ) ) ) | CIVIL 14-00112 LEK-RLP |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| HAWAII AIRBOARDS, LLC, | ) ) | |
| Defendant. | ) ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
COUNTER-CLAIMANT HAWAII AIRBOARDS, LLC'S MOTION
TO STRIKE CERTAIN OF COUNTER-DEFENDANT'S AFFIRMATIVE
DEFENSES PURSUANT TO FED. R. CIV. P. 12(F)**

Before the Court is Defendant/Counter Claimant Hawaii Airboards, LLC's ("HAB") Motion to Strike Certain of Counter-Defendant's Affirmative Defenses Pursuant to Fed.R.Civ.P. 12(f) ("Motion"), filed on May 13, 2014. [Dkt. no. 23.] Plaintiff/Counterclaim Defendant Nalu Kai Incorporated ("Nalu Kai") filed its memorandum in opposition on July 7, 2014, and HAB filed its reply on July 14, 2014. [Dkt. nos. 34, 35.] This matter came on for hearing on July 28, 2014. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, HAB's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

**BACKGROUND**

I. **Complaint**

On March 5, 2014, Nalu Kai, which does business as "Naish Sails Hawai`i" and has its principal place of business in Hawai`i, filed its Complaint for Declaratory Judgment of Patent Invalidity, Non-Infringement, and Unenforceability, and for Patent Misuse ("Complaint") against HAB, a Hawai`i business. [Complaint at ¶¶ 1-2.]

Nalu Kai alleges that, on November 12, 1997, Robert Yonover filed a provisional application for a patent with the United States Patent and Trademark Office ("PTO") for a "One-Person Survival Craft" ("Provisional Application"). [Id. at ¶ 13 (quoting id., Exh. E (Provisional Application)).] On November 9, 1998, he filed a non-provisional application for Letters Patent, disclosing and claiming "devices to help provide floatation, protection, mobility, and signaling capability to persons stranded at sea" ("Non-Provisional Application"). [Id. at ¶ 14 (quoting id., Exh. A (U.S. Patent No. 6,066,'016 ("'016 Patent") and November 15, 2013 Ex Parte Reexamination Certificate (9941st) ("Reexamination Certificate")).] On May 23, 2000, the PTO issued the '016 Patent. [Id. at ¶ 15.]

Nalu Kai alleges that, while the '016 Patent was granted for survival crafts to be used by individuals while laying down, in about 2011, HAB sent letters to numerous

companies, including those that make Stand Up Paddle ("SUP") boards, demanding licenses, and it sued some of these companies.[1] [Id. at ¶ 16.] Among those, HAB sued Nalu Kai in October 2011, but the parties settled, and Nalu Kai agreed to license the '016 Patent "for its full term or until it was decreed invalid[,]" paying quarterly royalties to HAB ("the 2011 License"). [Id. at ¶¶ 4-5.]

According to Nalu Kai, HAB claims that the '016 Patent covers inflatable SUP boards, constructed with "drop-stitch" material to connect the top and bottom layers of the boards, keeping them airtight and rigid. [Id. at ¶¶ 16, 19.] Nalu Kai alleges, however, that drop-stitch was developed in the 1940s, "designated under Military Specification MIL-60 C-17415E," and sold as "Infab" – as described by Patent No. 3,775,782 ("Rice Patent"), issued December 4, 1973). [Id. at ¶¶ 19-21 (citing id., Exh. F (Rice Patent)).] One application of this construction was a "Rescue Sled" marketed in the late 1980s, and patented as Patent No. 4,736,474 ("Switlik Patent"), issued April 12, 1988, which described the Rescue Sled as intended for water borne rescues and claimed that it could be "paddled to

---

[1] The parties dispute whether HAB has put forth sufficient evidence that it owns the '016 Patent. Compare Mem. in Opp. at 12 (Nalu Kai "has no proof of this allegation") with Reply at 3 (HAB has "admitted that fact in its Answer"). The Court notes that there are sufficient allegations in the pleadings that, if proven, would support a finding that HAB owns the '016 Patent.

facilitate water rescue efforts." [Id. at ¶¶ 22-24 (citing id., Exh. G (Switlik Patent)).] An advertisement, from January 1993, described the Switlik Rescue Sled as using "[p]atented inflatable Infab and ballistic nylon construction." [Id. at ¶ 25 (quoting id., Exh. H ("Rescue Sled Ad")).]

In a letter from Northwest River Supplies ("NRS"), one of the companies sued by HAB (and represented by Nalu Kai's counsel in this litigation), dated January 17, 2012,[2] NRS notified HAB of the Switlik Patent and attached the Rescue Sled Ad. [Id. at ¶ 26 (citing id., Exh. I ("NRS Letter")).] On September 14, 2012, a third party filed an ex parte request for reexamination of the '016 Patent. [Id. at ¶ 6.] After the PTO initially rejected the challenged claims, HAB amended the claims and, on November 15, 2013, the PTO issued the Reexamination Certificate, including the amended claims. [Id. at ¶ 7.]

Apparently, after the request for reexamination was filed, Nalu Kai stopped paying HAB royalties. Then, after the Reexamination Certificate issued, on December 2, 2013 and on February 19, 2014, HAB sent letters to Nalu Kai demanding it agree to a new license and that it pay royalties from November

---

[2] In the Complaint, Nalu Kai states that the letter was dated January 17, 2013, although the attached letter bears the date January 17, 2012. It appears that the mistake is in the Complaint, and not the original letter, since in its memorandum in opposition to the Motion, Nalu Kai states that the letter was sent on January 17, 2012. [Mem. in Opp. at 4-5.]

15, 2013 forward.  [Id. at ¶¶ 8-9 (citing id., Exhs. B-C (demand letters)).]  On March 4, 2014, Nalu Kai responded and refused to renegotiate the licenses, arguing that HAB had committed fraud on the PTO, the '016 Patent was invalid, and Nalu Kai's products did not infringe.  [Id. at ¶ 10 (citing id., Exh. D ("March 4 Letter")).]  The following day, Nalu Kai filed the Complaint, alleging that HAB knew that its patent was invalid due, in part, to the Switlik Patent, and that HAB actively misled the PTO Examiner during the reexamination period to obtain the Reexamination Certificate.  [Id. at ¶¶ 27-34.]

The Complaint alleges the following claims: invalidity of the '016 Patent ("Count I"); unenforceability of the '016 Patent ("Count II"); non-infringement ("Count III"); and patent misuse ("Count IV").  Nalu Kai seeks the following relief: declaratory judgment that the '016 Patent is invalid and unenforceable, that Nalu Kai's products do not infringe on any valid or enforceable claims from the '016 Patent, and that HAB misused and is estopped from enforcing the '016 Patent; attorneys' fees and costs; damages for HAB's patent misuse; punitive damages; and all other appropriate relief.  [Id. at pgs. 13-14.]

**II. Counterclaim and Affirmative Defenses to the Counterclaim**

On March 31, 2014, HAB filed its Answer and Counterclaim ("Counterclaim"), [dkt. no. 10,] alleging that Nalu

5

Kai breached the 2011 License with HAB ("Counterclaim Count I") and, alternatively, if the 2011 License is found invalid based on the reexamination, that Nalu Kai's products infringe on the amended claims of the '016 Patent ("Counterclaim Count II"). HAB seeks the following relief: declaratory judgment that the '016 Patent is valid and enforceable, and Nalu Kai has breached the 2011 License, or alternatively, that Nalu Kai is infringing on the '016 Patent; injunctive relief enjoining Nalu Kai from infringing; compensatory damages for infringement; attorneys' fees; and all other appropriate relief. [Dkt. no. 10-1 at pgs. 10-11.]

On April 23, 2014, Nalu Kai filed its Reply and Affirmative Defenses to the Counterclaim ("Counterclaim Answer"). [Dkt. no. 22.] It alleges the following affirmative defenses: lack of subject matter jurisdiction and standing ("Defense I"); failure to state a claim ("Defense II"); invalidity of the '016 Patent ("Defense III"); fraud and inequitable conduct ("Defense IV"); non-infringement ("Defense V"); prosecution history estoppel ("Defense VI"); laches, estoppel, waiver, unclean hands ("Defense VII"); statute of limitations under 35 U.S.C. § 286 ("Defense VIII"); limitation of relief under 35 U.S.C. § 287 ("Defense IX"); failure of consideration ("Defense X"); no breach ("Defense XI"); breach of warranty or covenant, impossibility ("Defense XII"); excuse ("Defense XIII");

fraud ("Defense XIV"); waiver ("Defense XV"); release ("Defense XVI"); failure to mitigate ("Defense XVII"); illegality ("Defense XVIII"); set off ("Defense XIX"); statute of limitations ("Defense XX"); unclean hands ("Defense XXI"); and patent misuse ("Defense XXII").

**STANDARD**

Federal Rule of Civil Procedure 12(f) provides that, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "In deciding a motion to strike, the Court views the challenged pleadings in the light most favorable to the [non-moving party]." Bennett-Bagorio v. City & Cnty. of Honolulu, Civil No. 13-00071 DKW-KSC, 2014 WL 296860, at *5 (D. Hawai`i Jan. 28, 2014) (alteration in Bennett-Bagorio) (citation and internal quotation marks omitted).

An affirmative defense is insufficiently pled where it does not "give[] plaintiff fair notice of the defense." Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010) (citation and internal quotation marks omitted). Or, when an affirmative defense "cannot succeed under any set of circumstances, it is insufficient as a matter of law." Kamakeeaina v. City & Cnty. of Honolulu, Civ. No. 11-00770 SOM/RLP, 2013 WL 816411, at *1 (D. Hawai`i Feb. 15, 2013) (citation omitted) *report and recommendation adopted by* 2013 WL

7

816090 (D. Hawai`i Mar. 5, 2013).

On the other hand, the court may not strike any part of a pleading where there are disputed issues of fact. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010). Further, "[m]otions to strike are disfavored in the absence of prejudice," Bennett-Bagorio, 2014 WL 296860, at *5, and the decision of whether to grant or deny a motion to strike is in the firm discretion of the district court, see Petrie v. Elec. Game Card, Inc., No. 12-55620, 2014 WL 3733596, at *5 (9th Cir. July 30, 2014).

## DISCUSSION

HAB moves to strike, as insufficiently pled or legally insufficient, the following Nalu Kai Defenses: I, VII, VIII, X, XII, XV, XVI, XVII, XIX, and XX. [Mem. in Supp. of Motion at 1.] HAB argues that many of the Defenses, for example, statute of limitations and failure of consideration, are implausible because the Counterclaim simply attempts to rectify Nalu Kai's failure to pay royalties from November 2013 onward. See e.g., Mem. in Supp. of Motion at 5-7. It reasons that the reexamined '016 Patent is merely a continuation of the original '016 Patent, as expressly contemplated by the 2011 License, and thus Nalu Kai is breaching the 2011 License or, alternatively, infringing on the reexamined '016 Patent.

This view, however, conflicts with Nalu Kai's theory of the Counterclaim. See, e.g., Mem. in Opp. at 2-9, 11. Nalu Kai argues that, during the reexamination period, HAB engaged in fraud and thus, HAB is not entitled to enforce the amended '016 Patent going forward. Further, since HAB amended the '016 Patent rather than seeking to appeal rejection of certain claims, it abandoned the original '016 Patent. Finally, since it had knowledge that the '016 Patent was invalid as of, at least, January 2012 when HAB received the NRS Letter, the 2011 License was unenforceable from that time.

The Court acknowledges HAB's arguments that the individual Defenses are thinly pled, and agrees that Nalu Kai's theory of the case is buried in its pleadings. However, since each Defense incorporates all of the preceding allegations in the Counterclaim Answer, the Court cannot say, on a motion to strike, that most of the Defenses that HAB challenges are insufficient as a matter of law or fail to put HAB on notice. The Court explains its reasoning more fully below.

## I. **Jurisdictional Defenses (Defense I)**

In Defense I, Nalu Kai alleges that the Court lacks subject matter jurisdiction over the Counterclaim, and HAB does not have standing to assert the Counterclaim ("Jurisdictional Defenses"). Nalu Kai has withdrawn its challenge to the Court's subject matter jurisdiction, [Mem. in Opp. at 12,] and therefore

HAB's challenge to Nalu Kai's lack of subject matter jurisdiction defense is moot.

Similarly, HAB has withdrawn its challenge to Nalu Kai's defense that HAB does not have standing and, thus, this part of Defense I is moot as well. The Court further notes, however, that a challenge to standing is not an affirmative defense, see, e.g., Ansari v. Elec. Document Processing, Inc., No. 5:12-CV-01245-LHK, 2012 WL 3945482, at *5 (N.D. Cal. Sept. 10, 2012), and it can be raised at any point in the litigation. Ctr. for Biological Diversity v. Kempthorne, 588 F.3d 701, 707 (9th Cir. 2009) ("the jurisdictional issue of standing can be raised at any time" (citation and internal quotation marks omitted)). Thus, the Court DENIES HAB's Motion as to the Jurisdictional Defenses (Defense I) as moot.

**II. Equitable Defenses (Defense VII)**

In Defense VII, Nalu Kai alleges the equitable defenses of laches, estoppel, waiver, and unclean hands ("Equitable Defenses") against Counterclaim Count II for infringement.[3] To prove laches, the party invoking the defense must show that "(1) the plaintiff's delay was unexcused or unreasonable, and (2)

---

[3] It appears, though not stated in the pleadings or memoranda, that Defenses III-IX and XXII relate to infringement (Counterclaim Count II) and Defenses X-XXI challenge the enforcement of the 2011 License or any purported follow-on license (Counterclaim Count I).

10

the delay caused prejudice to the defendant." E.E.O.C. v. Global Horizons, Inc., 904 F. Supp. 2d 1074, 1095 (D. Hawai`i 2012) (citing Boone v. Mech. Specialties Co., 609 F.2d 956, 958 (9th Cir. 1979)).

"Waiver is an 'intentional relinquishment or abandonment of a known right.'" J & J Sports Prods., Inc. v. Catano, No. 1:12-CV-00739-LJO-JLT, 2012 WL 5424677, at *4 (E.D. Cal. Nov. 6, 2012) (quoting United States v. Perez, 116 F.3d 840, 845 (9th Cir. 1997)). "To establish an affirmative defense of waiver or estoppel in the standard setting organization context, a defendant must satisfy two elements: '(1) the patentee had a duty of disclosure to the standard setting organization, and (2) the patentee breached that duty.'" Multimedia Patent Trust v. Apple Inc., No. 10-CV-2618-H(KSC), 2012 WL 6863471, at *21 (S.D. Cal. Nov. 9, 2012) (quoting Hynix Semiconductor Inc. v. Rambus Inc., 645 F.3d 1336, 1348 (Fed. Cir. 2011)).

Last, to prove unclean hands, "[f]irst, a defendant must prove the plaintiff engaged in inequitable conduct and, second, that the plaintiff's conduct directly relates to the claim which it has asserted against the defendant." Intamin, Ltd. v. Magnetar Techs. Corp., 623 F. Supp. 2d 1055, 1074-75 (C.D. Cal. 2009) (some citations omitted) (citing Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245, 54 S. Ct. 146, 78 L. Ed. 293 (1933); Levi Strauss & Co. v. Shilon, 121

11

F.3d 1309, 1313 (9th Cir. 1997)).

        HAB argues that it has continued to openly and diligently assert its right to the '016 Patent up through the filing of the Complaint, and the new license it seeks from Nalu Kai is simply an amendment to the original one, as contemplated by the original license agreement. [Reply at 3-5.] Thus, there is no way Nalu Kai can prove that HAB delayed in enforcing the '016 Patent, relinquished its rights to the '016 Patent, or attempted to enforce its rights through fraud. On the other hand, Nalu Kai argues, in essence, that HAB has committed fraud in asserting the '016 Patent, abandoned the original '016 Patent, and made false representations to Nalu Kai, which Nalu Kai relied upon. [Mem. in Opp. at 8-9, 14-15.]

        Based on the foregoing discussion of Nalu Kai's theory of the case, and construing the allegations both in the Complaint and the Counterclaim Answer in the light most favorable to Nalu Kai, the Court FINDS that the Equitable Defenses are not insufficient as a matter of law. See Kamakeeaina, 2013 WL 816411, at *1. Nalu Kai has alleged that HAB abandoned its right to the original '016 Patent and then belatedly attempted to enforce those rights. Also, it has alleged that HAB failed to disclose material information to the PTO, benefitted from that failure, and now attempts through the infringement claim to enforce the benefits of that fraud upon Nalu Kai.

Further, the Court FINDS that HAB has fair notice of the substance of the Equitable Defenses. See Simmons, 609 F.3d at 1023. The Court therefore DENIES the Motion as to the Equitable Defenses (Defense VII).

### III. **Contract Defenses (Defenses X, XII, XV & XVI)**

Nalu Kai challenges Counterclaim Count I in Defenses X, XII, XV and XVI ("Contract Defenses"), alleging failure of consideration, breach of warranty, impossibility, waiver and release. Again, Nalu Kai's basic theory is that, since HAB abandoned the original '016 Patent, the 2011 License is unenforceable and, since HAB obtained the Reexamination Certificate by fraud, any extension of the 2011 License is invalid. See, e.g., Mem. in Opp. at 15-16. More specifically: since there was no valid, enforceable '016 Patent to license after November 2013, there has been a failure of consideration for any purported license (Defense X); HAB breached the 2011 License in not licensing a valid patent to Nalu Kai (Defense XII); it is impossible for HAB to perform under the license since it has no valid patent to offer (Defense XII); in perpetuating a fraud on the PTO and abandoning the original '016 Patent claims, HAB waived its right to enforce the license (Defense XV); and Nalu Kai should be released from the license since it is unenforceable (Defense XVI).

13

As with the Equitable Defenses, the Court finds that the Contract Defenses are not insufficient as a matter of law, see Kamakeeaina, 2013 WL 816411, at *1, and HAB has fair notice of them, see Simmons, 609 F.3d at 1023. Similarly, the Court finds that there remain disputed issues of fact. See Whittlestone, 618 F.3d at 973. The Court therefore DENIES the Motion as to the Contract Defenses (Defenses X, XII, XV and XVI).

**IV.  Statute of Limitations Defenses (Defenses VIII & XX)**

HAB argues that Defenses VIII and XX ("Statute of Limitations Defenses") must fail as a matter of law, because there is no conceivable way that any of the events at issue accrued more than six years before the filing of the Counterclaim. [Mem. in Supp. of Motion at 5-6, 9-10.]

Regarding patent infringement lawsuits, 35 U.S.C. § 286 provides, in pertinent part, "[e]xcept as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." Breach of contract, under Hawai`i law, has a six-year statute of limitations as well. Haw. Rev. Stat. § 657-1; Au v. Au, 63 Haw. 210, 217, 626 P.2d 173, 179 (1981). It is the party raising the statute of limitations defense that "bear[s] the burden of proving that the statute of limitations period has run." Carter v. Geico Direct, 520 F. Supp. 2d 1212, 1219 (D. Haw. 2007)

14

(citing Payan v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119, 1122-23 (9th Cir. 2007)).

Nalu Kai argues that HAB has equivocated in similar lawsuits against other purported '016 Patent licensees as to whether it seeks damages prior to the patent reexamination period. [Mem. in Opp. at 18.] The Court, however, FINDS that there is no dispute on this issue since HAB has made judicial admissions that it does not seek damages prior to November 27, 2011 as to Counterclaim Count I, and November 15, 2013 as to Counterclaim Count II. See, e.g., Mem. in Supp. of Motion at 6 ("HAB does not seek damages for infringement prior to November 15, 2013 and has unambiguously stated so in paragraph 31 of its Counterclaims."); Reply at 6-7 ("the earliest any resulting contract damages would start would be Nov. 27, 2011"). These dates are well-within the six-year statutes of limitations for patent infringement and breach of license claims. Since the these Defenses "cannot succeed under any set of circumstances," see Kamakeeaina, 2013 WL 816411, at *1, the Court GRANTS the Motion as to the Statute of Limitations Defenses (Defenses VIII and XX).

## V. Damages Defenses (Defenses XVII & XIX)

In Defenses XVII and XIX, Nalu Kai alleges failure to mitigate and that its payment of royalties set off any damages it owes HAB ("Damages Defenses"). HAB has agreed to withdraw its

15

challenge to the set off defense, [Reply at 3, 9,] and therefore the Court DENIES the Motion as to Defense XIX as moot.  Regarding Defense XVII (failure to mitigate),

> [t]he Hawai`i Supreme Court has recognized that:
>
>> [i]n contract or in tort, the plaintiff has a duty to make every reasonable effort to mitigate his [or her] damages.  The burden, however, is upon the defendant to prove that mitigation is possible, and that the injured party has failed to take reasonable steps to mitigate his [or her] damages.

Reimer v. Kuki`o Golf & Beach Club, Inc., Civil No. 12-00408 LEK-BMK, 2014 WL 1643260, at *3 (D. Hawai`i Apr. 22, 2014) (some citations omitted) (alterations in Reimer) (quoting Tabieros v. Clark Equip. Co., 85 Hawai`i 336, 373, 944 P.2d 1279, 1316 (1997)).

HAB argues persuasively that Nalu Kai has not pled any facts which show that: HAB had a duty to mitigate for Nalu Kai's failure to pay it royalties; mitigation would have been possible; and HAB did not take reasonable steps to mitigate.  [Mem. in Supp. of Motion at 8-9; Reply at 9.]  Instead, Nalu Kai focuses on its own damages, [Mem. in Opp. at 17,] which is the opposite of what the law requires.  See Reimer, 2014 WL 1643260, at *3.  Further, none of the prior allegations, that shed light on the individual Defenses, are informative on this point.  The Court therefore FINDS that Nalu Kai has not given fair notice as to Defense XVII, and GRANTS the Motion as to that Defense.

## VI. <u>Summary of Defenses</u>

In sum, this Court DENIES the Motion as to Defenses I (Jurisdictional Defenses); VII (Equitable Defenses); X, XII, XV, XVI (Contract Defenses); and XIX (Set Off).

This Court GRANTS the Motion as to Defenses VIII, XX (Statute of Limitations Defenses); and XVII (Failure to Mitigate), and HEREBY STRIKES them from the Counterclaim Answer.

## CONCLUSION

On the basis of the foregoing, HAB's Motion to Strike Certain of Counter-Defendant's Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f), filed May 13, 2014, is HEREBY GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 29, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NALU KAI INCORPORATED, LLC VS. HAWAII AIRBOARDS, LLC; CIVIL 14-00112 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART COUNTER-CLAIMANT HAWAII AIRBOARDS, LLC'S MOTION TO STRIKE CERTAIN OF COUNTER-DEFENDANT'S AFFIRMATIVE DEFENSES PURSUANT TO FED. R. CIV. P. 12(F)**