IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NALU KAI INCORPORATION d/b/a<br>NAISH SAILS HAWAII,<br><br>       Plaintiff,<br><br>  vs.<br><br>HAWAII AIRBOARDS, LLC,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL 14-00112 LEK-RLP |

**ORDER GRANTING IN PART AND DENYING IN PART
NALU KAI INCORPORATED'S L.R. 60.1 MOTION FOR
RECONSIDERATION OF DECEMBER 4, 2014 ORDER (DOCKET NO. 57)**

On December 4, 2014, this Court issued its Order Granting Hawaii Airboards, LLC's Motion for Summary Judgment that U.S. Patent No. 6,066,016 is Valid; and Denying Nalu Kai Incorporated's Motion for Partial Summary Judgment of Patent Invalidity ("12/4/14 Order").[1]  [Dkt. no. 57.[2]]  On December 18, 2014, Nalu Kai filed its L.R. 60.1 Motion for Reconsideration of December 4, 2014 Order (Docket No. 57) ("Motion for Reconsideration").  [Dkt. no. 58.]  On January 9, 2015, HAB filed

---

[1] On July 26, 2014, Defendant/Counterclaim Plaintiff Hawaii Airboards, LLC ("HAB") filed its Motion for Summary Judgment that U.S. Patent No. 6,066,016 is Valid ("HAB Motion for Summary Judgment") and Plaintiff/Counterclaim Defendant Nalu Kai Incorporated ("Nalu Kai") filed its Motion for Partial Summary Judgment of Patent Invalidity ("Nalu Kai Motion for Summary Judgment," collectively "Summary Judgment Motions").  [Dkt. nos. 36, 37.]  The Summary Judgment Motions came on for hearing on October 27, 2014 ("10/27/14 Hearing").

[2] The 12/4/14 Order is also available at 2014 WL 6872952.

its memorandum in opposition to the Motion for Reconsideration
and, on January 23, 2015, Nalu Kai filed its reply.[3] [Dkt. nos.
64, 66.] After careful consideration of the motion, the
supporting and opposing memoranda, and the relevant legal
authority, the Court HEREBY GRANTS IN PART AND DENIES IN PART the
Motion for Reconsideration for the reasons set forth below.

### BACKGROUND

In the 12/4/14 Order, this Court, *inter alia*:

- compared Claim 21 from U.S. Patent No. 6,066,016 ("the '016 Patent") to Claim 1 of U.S. Patent No. 4,736,474 ("the Moran Patent"), and concluded that the '016 Patent claim language described a single, self-contained unit and the Moran Patent language described two structures (a support member and cover); 2014 WL 6872952, at *5-7;

- concluded that, like the Moran Patent, the Switlik Rescue Sled – which is an embodiment of the Moran Patent upon which Nalu Kai's invalidity and unenforceability claims depend – consisted of two structures as well; id. at *6 n.9;

- analyzed the abstracts of the '016 Patent and the Moran Patent and determined that, although not necessary to the decision, this evidence supported the Court's interpretation of the '016 Patent and the prior art; id. at *7;

- considered the prosecution history, including the statements by the United States Patent and Trademark Office ("the PTO") examiners during reexamination and HAB's amendments to expressly emphasize the integrated nature of the '016 Patent so as to take it out from under the Switlik Rescue Sled, and found that it too supported the distinction between the '016 Patent, on the one hand, and the Moran Patent and Switlik Rescue Sled, on the other; id. at *7-9;

- found that secondary factors supported a nonobviousness

---

[3] On January 23, 2015, Nalu Kai filed both a reply and a corrected reply. [Dkt. nos. 65, 66.] The Court refers to the corrected reply herein.

2

conclusion; id. at *9;

- concluded that, since the Graham factors weighed heavily toward nonobviousness, Nalu Kai had not proven "invalidity on the basis of obviousness, let alone, provided clear and convincing evidence of invalidity[;]" id. at *10;[4]

- concluded that, because the '016 Patent was not obvious, it was not anticipated either; id.; and

- granted the HAB Motion for Summary Judgment, denied the Nalu Kai Motion for Summary Judgment and, accordingly, granted summary judgment for HAB on Count I of Nalu Kai's Complaint, id.

In the instant Motion for Reconsideration, Nalu Kai argues that the Court made manifest errors in the 12/4/14 Order, and those errors, as well as newly discovered evidence, require reconsideration. [Mem. in Supp. of Motion for Reconsideration at 1-2.] It requests that the Court vacate the 12/4/14 Order, and set a claim construction hearing. [Id. at 2.]

**STANDARD**

This Court recently explained the standard for reconsideration:

> A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was

---

[4] The Graham factors were first set forth in Graham v. John Deere Co., 383 U.S. 1 (1966).

3

manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004).

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., Civil No. 12-00064 LEK-KSC, 2015 WL 274131, at *2 (D. Hawai`i Jan. 21, 2015) (some citations omitted). "Mere disagreement with a previous order is an insufficient basis for reconsideration." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citation omitted).

## DISCUSSION

In the Motion for Reconsideration, Nalu Kai argues that the Court made manifest errors of law in applying the Graham factors, and in construing the '016 Patent claims. The Court concludes that these arguments have no merit, and simply show that Nalu Kai disagrees with the Court's interpretation of the already exhaustively-argued facts. See id.

## I. Application of the *Graham* Factors

In the 12/4/14 Order, the Court quoted the Federal Circuit's statement of the Graham factors in Procter & Gamble Co. v. Teva Pharm. USA, Inc., 566 F.3d 989, 994 (Fed. Cir. 2009):

> The obviousness determination turns on underlying factual inquiries involving: (1) the scope and content of prior art, (2) differences between claims and prior art, (3) the level of ordinary skill in pertinent art, and (4) secondary considerations such as commercial success and satisfaction of a long-felt need. Graham v. John Deere Co., 383 U.S. 1, 17, 86 S. Ct. 684, 15 L. Ed. 2d 545 (1966)

4

2014 WL 6872952, at *3.  Nalu Kai does not dispute that this is the applicable law, and instead argues that the Court misapplied it.

Nalu Kai argues that the Court erred in comparing Claim 21 of the '016 Patent to the Moran claims and not to its "disclosures," i.e., the Switlik Rescue Sled.  [Mem. in Supp. of Motion for Reconsideration at 4-6.]  As described above, the Court did both, including expressly comparing Claim 21 to the Switlik Rescue Sled, which is what Nalu Kai argues that the Court was required to do.  See 12/4/14 Order, 2014 WL 6872952, at *6 n.9.

Nalu Kai also argues that the Court made a "genus/species" error, and offers the purported analogy of an ironing board and cover.  [Mem. in Supp. of Motion for Reconsideration at 6-8.]  It reasons that, if an ironing board with a cover was patented, then an ironing board without a cover would not be novel since it was included within the prior patent.  While that may be true, it is not analogous.  Unlike the ironing board illustration, the Court explicitly found that it was the integration of the parts in a single unit that made the '016 Patent nonobvious, thus implicitly rejecting the genus/species argument.[5]

---

[5] While Nalu Kai argues that the '016 Patent was unique solely in adding a fin to the Switlik Rescue Sled, this point was
(continued...)

Nalu Kai further argues that the Court did not perform the second Graham step at all, which is comparing the '016 Patent claims to the prior art. [Id. at 8.] This is clearly not the case since the Court compared the claims to the Moran Patent, and the Switlik Rescue Sled, and discussed the prosecution history of the reexamination of the '016 Patent for the very reason that the PTO also compared the claims to the prior art.[6] 12/4/14 Order, 2014 WL 6872952, at *5-9.

Further, Nalu Kai argues that the Court failed to analyze the third Graham factor: the level of ordinary skill in the pertinent art. [Mem. in Supp. of Motion for Reconsideration at 8-9.] The Court did address this factor, but only briefly, because it was largely undisputed, and found that the level of skill was not determinative. 12/4/14 Order, 2014 WL 6872952, at *9 n.14. Nalu Kai does not argue that this conclusion was clearly erroneous.[7]

---

[5](...continued)
very clearly made in the Nalu Kai Motion for Summary Judgment, see, e.g., Mem. in Supp. of Nalu Kai Motion for Summary Judgment at 1, and the Court already rejected it.

[6] Nalu Kai's other arguments, for instance, that the Court made the wrong comparisons, admit as much.

[7] To the extent that the 12/4/14 Order did not expressly discuss whether it would have been obvious for an individual of ordinary skill in the art to create the '016 Patent in light of the prior art, it does so now: no matter how high the skill level, the '016 Patent was not obvious. See, e.g., 2014 WL 6872952, at *9 n.14 (citing the affidavit of offered expert Dick
(continued...)

6

Since the Court did not err, let alone manifestly err, in applying the Graham factors, the Court denies the Motion for Reconsideration on this ground.

**II. Claim Construction**

Nalu Kai argues that the Court manifestly erred in its construction of Claim 21.[8] First it argues that the Court read drop-stitch construction into Claim 21, although drop stitch was limited to dependant Claims 4 and 22. [Mem. in Supp. of Motion for Reconsideration at 11-12.] The Court first points out that Nalu Kai used "drop-stitch construction" to refer to "a plurality of connectors" throughout its materials, see, e.g, Complaint at ¶ 33; Mem. in Supp. of Nalu Kai Motion for Summary Judgment at 15; Cross Motions for Summary Judgment of Patent Invalidity (demonstrative from 10/27/14 Hearing, filed 2/26/15 (dkt. no. 70)) at 11, which is what it now contends is manifest error on the Court's part. However, even if this shorthand reference was technically erroneous as to Claim 21, as HAB argues, [Mem. in

---

[7](...continued)
Brewer, attesting to nonobviousness).

[8] The Court points out that the parties jointly decided to "file early cross summary judgment motions on the issue of validity," see, e.g., Mem. in Supp. of Nalu Kai Motion for Summary Judgment at 2, and neither has ever requested (up until the Motion for Reconsideration) a claim construction hearing. See Joint Rule 26(f) Report at 4-5 (agreeing to motion deadline, and noting that "the Court **may** need to construe the asserted claims of the Patent-in-Suit, pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370, 116 S. Ct. 1384, 134 L. Ed. 2d 577 (1996)" (emphasis added)).

7

Opp. to Motion for Reconsideration at 9-10,] any such error was harmless. The 12/4/14 Order turned on the non-obviousness of integrating features into a single board, not whether a drop-stitch (instead of a honeycomb) method of construction was employed.[9]

Nalu Kai also argues that nothing in the plain language of Claim 21 supports the Court's reading that the invention claims a single, integrated structure. [Mem. in Supp. of Motion for Reconsideration at 12-14.] The Court simply disagrees. Nalu Kai made this argument in its summary judgment memoranda, see e.g., Reply in Supp. of Nalu Kai Motion for Summary Judgment at 4-8, and the Court considered and rejected it. The Court does so here again.

Finally, Nalu Kai argues that the Court misinterpreted the prosecution history in reaching its decision. Although the Court stated that this analysis was not necessary to the decision, 12/4/14 Order, 2014 WL 6872952 at *7, Nalu Kai spends ten pages rehashing its fraud on the PTO argument [Mem. in Supp. of Motion for Reconsideration at 14-24]. Further, Nalu Kai has already argued this point extensively, [Mem. in Opp. to HAB's F. R. Civ. P. 12(f) Motion to Strike Certain Affirmative Defenses,

---

[9] Moreover, the whole crux of Nalu Kai's case is that the Switlik Rescue Sled employed drop-stitch construction. Since it continues to argue that the Switlik Rescue Sled is the prior art that forecloses the '016 Patent, it must concede that any error that Claim 21 should not be limited to drop-stitch is harmless.

filed 7/7/14 (dkt. no. 34), at 2-9; Mem. in Supp. of Nalu Kai Motion for Summary Judgment at 2-7,] even though it has acknowledged that HAB's purported fraud is not at issue in either of the Summary Judgment Motions [Mem. in Supp. of Nalu Kai Motion for Summary Judgment at 2]. The Court finds the implications of fraud immaterial to the issues at summary judgment and rejects (again) Nalu Kai's interpretation of the facts.

Since the Court finds that it did not clearly err in construing the '016 Patent claims, in particular, Claim 21, it denies the Motion for Reconsideration on that ground. Further, since its interpretation was proper, the Court DENIES Nalu Kai's request for a claim construction hearing with regard to the Summary Judgment Motions.[10]

## III. Newly Discovered Evidence

In its Motion for Reconsideration, Nalu Kai offers three declarations and four additional exhibits (some of them composite), regarding counsel's discovery of evidence of purportedly "anticipating prior art," which it refers to as the 1993 Eurocraft board ("Eurocraft Boogie Board"). In his

---

[10] It bears emphasis that, in briefing its motion for summary judgment, Nalu Kai argued that there was no need for construction. [Reply in Supp. of Nalu Kai Motion for Summary Judgment at 4 ("Naish Sails Hawai`i contends that the plain and ordinary meaning of this claim language is clear and requires no construction.").] Since the 12/4/14 Order agreed as to clarity, but not as to Nalu Kai's interpretation, it now argues construction is necessary.

declaration, Nalu Kai's counsel, Duncan Palmatier, Esq., sets forth facts to show that he has been pursuing information related to the Eurocraft Boogie Board since 2011, [Motion for Reconsideration, Decl. of Duncan Palmatier in Supp. of Pltf. Nalu Kai Inc.'s Motion for Reconsideration ("Palmatier Decl.") at ¶¶ 5-18,] and Nalu Kai argues that the exhibits show that the Eurocraft Board has all of the features of the '016 Patent [Mem. in Supp. of Motion for Reconsideration at 26-30]. Nalu Kai argues, in essence, that the Eurocraft Board is the Switlik Rescue Sled with a fin, and thus it anticipated the '016 Patent.

This Court has explained: "To base a motion for reconsideration on the discovery of new evidence, Defendants are 'obliged to show not only that this evidence was newly discovered or unknown to [them] . . . but also that [they] could not with reasonable diligence have discovered and produced such evidence.'" Habel v. Grove Farm Fish & Poi, LLC, Civil No. 10-00576 LEK, 2012 WL 1155201, at *6 (D. Hawai`i Apr. 4, 2012) (alterations in Habel) (some citations omitted) (quoting Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985)). Although the Court accepts as true that Mr. Palmatier "has been looking for information and evidence" regarding Eurocraft products for a long time, the Court does not find that Nalu Kai has put forth sufficient evidence that he was reasonably diligent in his pursuit.

Mr. Palmatier states that he has been looking for information and evidence "since [he] started working on the Hawaii Airboards matter in late 2011."[11] [Palmatier Decl. at ¶ 5.] That is, he has known that there were other potentially relevant products for over three years. Mr. Palmatier attests that it was not until last summer that he learned from an NRS employee, Steve Farley, that there might be a product sold in the United States in the 1990s produced by Eurocraft that anticipated the '016 Patent.[12] [Id. at ¶ 9.] Mr. Palmatier first appears to have identified the actual Eurocraft Boogie Board from a flyer provided to him by NRS in September 2014. [Id. at ¶ 11.] Presumably, Mr. Palmatier had access to Mr. Farley and the flyer well before then, since he attests that he has represented NRS since 2011. [Id. at ¶ 5.]

Unrelated to the photograph, in November 2014, Mr. Palmatier "discovered" a company, B and A Distributing Co.,

---

[11] At that time, he was representing Northwest River Supplies ("NRS"), which was sued along with Nalu Kai, by HAB in a wave of litigation that led in part to the reexamination of the '016 Patent. See Court's Order Granting in Part and Denying in Part Counter-Claimant Hawaii Airboards, LLC's Motion to Strike Certain of Counter-Defendant's Affirmative Defenses Pursuant to Fed. R. Civ. P. 12(f) ("8/29/14 Order"), filed 8/29/14 (dkt. no. 45), available at 2014 WL 4322247, at *2.

[12] Mr. Palmatier further attests that his efforts to get information directly from Eurocraft were hindered by the fact that: it is an English company; it changed ownership since the 1990s; and a calamity may have destroyed the business and its documents. [Palmatier Decl. at ¶ 6.]

that sold Eurocraft products in the United States in the 1990s. [Id. at ¶ 12.] One of its employees, Ted Schopf, directed Mr. Palmatier to a former employee, Doug Zeal, who owns a Eurocraft Boogie Board. [Id. at ¶ 14.] Mr. Palmatier contacted Mr. Zeal, who photographed the board, the day before the filing of the Motion for Reconsideration. [Id. at ¶ 15.]

While the Court is sensitive to the obstacles to gaining access to the Eurocraft Boogie Board, it observes that Mr. Palmatier's declaration leaves numerous questions unanswered, such as why Mr. Palmatier did not speak with Mr. Farley until three years after he began representing NRS on this very issue, and how exactly he "discovered" B and A Distributing the month that the briefing on the Summary Judgment Motions was complete. From the facts presented, the Court cannot say that Mr. Palmatier was reasonably diligent in his search. See, e.g., In re Wackerman, BAP No. EC-13-1277-KuJuTa, 2014 WL 2938296, at *9 (B.A.P. 9th Cir. June 30, 2014) (upholding court's conclusion of no reasonable diligence where counsel's declaration was "conclusory and raised more questions than it answered regarding [debtor's] diligence"); ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc., Civil Action No. 2:10cv248, 2011 WL 5358022, at *4 (E.D. Va. Nov. 7, 2011) ("Undoubtedly, there were spurts during their search for the evidence where [the defendant] did exercise diligence, but the Court finds a serious deficiency in

[the defendant's] failure to locate [the witness] using any method of communication from October 2010 to June 2011."), *vacated on other grounds and remanded*, 694 F.3d 1312 (Fed. Cir. 2012); Jette v. Orange Country Fin., Inc., No. 2:08-CV-01767-GEB-KJN, 2010 WL 3186558, at *4 (E.D. Cal. Aug. 11, 2010) (finding no diligence because "a more sufficient explanation should have been provided as to why the testamentary documents were not found earlier"). Since the Court FINDS that Mr. Palmatier was not sufficiently diligent in uncovering the "newly-discovered" evidence, the Court DENIES the Motion for Reconsideration as to this issue.

Moreover, the Court is not convinced that the Eurocraft Boogie Board is material to this lawsuit. Nalu Kai's Complaint alleges that the PTO erred in finding the '016 Patent valid in light of the prior art before it, most centrally the Switlik Rescue Sled, and that HAB engaged in fraud by misleading the PTO as to certain elements of the '016 claims in relation to the Switlik Rescue Sled. With the Motion for Reconsideration, Nalu Kai attempts to raise an entirely new dispute with prior art that was never before the PTO and only fits loosely with its theory of the case: that there must be some prior art out there that invalidates the '016 Patent. This case, however, is about the Switlik Rescue Sled and the '016 Patent reexamination process, see Complaint at ¶¶ 22-34 (including Switlik in every single

13

paragraph), not about whether counsel can, in the months before trial, uncover some prior art that might render the '016 Patent invalid.

The Court further agrees with HAB that, at the very least, this evidence is not material to the Summary Judgment Motions. HAB's motion clearly limits itself to prior art "of record." [HAB Motion for Summary Judgment at 1 (moving the Court for a "finding that [the '016 Patent] is valid in view of the prior art of record").] So, the Eurocraft Boogie Board was not material to that motion. Regarding Nalu Kai's motion, Nalu Kai only argued invalidity on the basis of obviousness, not anticipation. Thus, Nalu Kai's belated argument that the Eurocraft Boogie Board anticipated the '016 Patent is not material to that motion. Therefore, even if Nalu Kai had been diligent in discovering the Eurocraft Boogie Board evidence, and it was relevant to this lawsuit, it would not be material to the Motions for Summary Judgment.

Finally, and related to the previous point, Nalu Kai requests that the Court clarify its rulings in the 12/4/14 Order. The Court agrees that its dismissal of Count I was overly broad, in light of the limited nature of the Summary Judgment Motions. The Court thus GRANTS the Motion for Reconsideration as to the clarification. The Court will amend the 12/4/14 Order accordingly to limit its grant of summary judgment in favor of

HAB as to Count I of the Complaint solely as to invalidity on the basis of anticipation and obviousness, based on prior art of record before the PTO.[13]

**CONCLUSION**

On the basis of the foregoing, Nalu Kai's L.R. 60.1 Motion for Reconsideration of December 4, 2014 Order (Docket No. 57), filed December 18, 2014, is HEREBY GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII,



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NALU KAI, INC. VS. HAWAII AIRBOARDS, LLC; CIVIL 14-00112 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART NALU KAI INCORPORATED'S L.R. 60.1 MOTION FO RECONSIDERATION OF DECEMBER 4, 2014 ORDER (DOCKET NO. 57)**

---

[13] Since it is amending the 12/4/14 Order, the Court will also correct two typographic errors where the word "non-stick" was used instead of "non-skid."